**FILED**

**February 8, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 12:00 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| **JUSTIN BOLTON,** | ) | **Docket No.: 2016-03-1065** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HELIX, INC.,** | ) | **State File No.: 62968-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **SENTRY INSURANCE COMPANY,** | ) | **Judge Pamela B. Johnson** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER
## GRANTING ADDITIONAL MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on February 7, 2017, upon the Request for Expedited Hearing filed by Justin Bolton. The central legal issue is whether Mr. Bolton came forward with sufficient evidence demonstrating that he is likely to prevail at a hearing on the merits on entitlement to additional medical benefits, specifically, right-shoulder arthroscopy recommended by the authorized treating physician. For the reasons set forth below, this Court concludes Mr. Bolton is entitled to the requested medical benefits.

### History of Claim

During the hearing, the parties established the following facts. Mr. Bolton, a twenty-six-year-old resident of Campbell County, Tennessee, worked for Helix, Inc. as a mechanic. On July 19, 2016, Mr. Bolton slipped and fell as he descended stairs at work, sustaining injury to both shoulders and his neck. Following the injury, Mr. Bolton reported the injury to his supervisor.

Mr. Bolton received authorized treatment from Allison Smith, PA-C with Indian Mountain Clinic, which he selected from a panel. At the conclusion of the initial visit, PA-C Smith referred Mr. Bolton to an orthopedist for evaluation of a possible labral tear. Helix provided Mr. Bolton a panel of orthopedic physicians, and he selected Dr. Michael

1

Mackay.

Mr. Bolton presented to Dr. Mackay with continued sharp pain and numbness located in the front of the right shoulder and radiating to the top of the shoulder. Following physical examination, Dr. Mackay diagnosed right anterior shoulder dislocation with recurrent instability. Dr. Mackay recommended a right-shoulder scope with Bankart repair on August 25, 2016.

Helix's carrier submitted Dr. Mackay's surgery recommendation for utilization review (UR). Dr. Gregory Goldsmith reviewed medical records and issued a report on August 30. In his report, Dr. Goldsmith noted Mr. Bolton reported right-shoulder pain with no documented pain score, had tenderness to palpation, and tested positive to apprehension test. Dr. Goldsmith further noted Dr. Mackay ordered right-shoulder x-rays, but the imaging report was not submitted for review. Given the lack of objective findings, Dr. Goldsmith determined the right-shoulder arthroscopy was not medically necessary.

During a return visit with Dr. Mackay on September 29, Mr. Bolton reported continued pain and numbness in the right shoulder. He advised his shoulder became dislocated three to four times per week, which was an improvement from dislocations occurring three to four times per day when he worked. Dr. Mackay stated Mr. Bolton had a ninety-five percent chance of benefitting from the recommended surgery to the extent he could return to work. He additionally stated Mr. Bolton would experience a one-hundred percent recurrence if no surgery were performed, even with physical therapy, and indicated bracing was ineffective. Dr. Mackay also stated, "[Mr. Bolton] will be disabled without surgery and is prone to permanent injury and further damage with each dislocation." Dr. Mackay further found that Mr. Bolton's "work comp denial is fully responsible for the delay in treatment and any future injury that he incurs."

Mr. Bolton appealed the UR denial to the Bureau's Medical Director, Dr. Robert B. Snyder, Jr., on October 6. The record is silent as to whether Dr. Snyder received Dr. Mackay's September 29 medical record. Regardless, by letter dated October 21, Dr. Snyder agreed with the denial, stating,

> It is suggested to document previous episode(s) involving the right shoulder, further conservative treatment[,] and document a clear discussion concerning surgery, risks, rehabilitation and anticipated outcome including return to work. Resubmit to the adjuster.

## Positions of the Parties

During the hearing, Mr. Bolton argued the opinions of Drs. Goldsmith and Snyder did not overcome the presumption of correctness afforded the ATP, Dr. Mackay. Mr.

Bolton asserted this Court should give little to no weight to Drs. Goldsmith's and Snyder's opinions, as the physicians reviewed only the medical records without speaking to or examining him. Mr. Bolton argued Dr. Mackay's opinions should carry more weight because, as the ATP, he was in the best position to determine the treatment medically necessary for his work injury because he personally spoke to Mr. Bolton, physically examined him, and reviewed diagnostic x-rays of his work injury. For these reasons, Mr. Bolton contended he is entitled to additional medical treatment, specifically including the recommended arthroscopy.

In contrast, Helix argued this Court should conclude that the recommended surgery is not medically necessary due to lack of objective evidence supporting Dr. Mackay's recommendation. Helix noted Dr. Mackay relied on x-rays showing no fracture or dislocation and then recommend a surgery to further investigate and possibly repair a dislocation. Helix further noted, despite follow-up appointments after the UR denial, Dr. Mackay still did not order additional diagnostic testing, perhaps such as an MRI, to assist in a proper diagnosis and possibly alleviate the need for an exploratory surgery. Helix contended Dr. Mackay is not entitled to a presumption of correctness and averred the Court may consider Drs. Goldsmith's and Snyder's opinions without automatically giving more weight to Dr. Mackay's opinion. When weighing the opinions of the physicians, Helix asserted Mr. Bolton failed to satisfy his burden of proof at the Expedited Hearing stage.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Mr. Bolton need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

With the above principles in mind, Tennessee Code Annotated section 50-6-204(b)(1) provides that "[w]here the nature of the injury . . . is such that it does not disable the employee but reasonably requires medical [or] surgical . . . treatment or care, medicine [or] surgery . . . shall be furnished by the employer." Moreover, "treatment recommended by a physician . . . selected pursuant to [§ 50-6-204(a)(3)] or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H) (2016); *see also Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17 (Aug. 31, 2016).

In the present case, the sole issue is whether Mr. Bolton came forward with sufficient evidence demonstrating that he is likely to prevail at a hearing on the merits on

entitlement to additional medical benefits, specifically, the right-shoulder arthroscopy recommended by the ATP. Under the current Workers' Compensation Law, an ATP's opinion is presumed correct as to both causation and medical necessity pursuant to Tennessee Code Annotated sections 50-6-102(14)(E) and 50-6-204(a)(3)(H).

Here, following an initial examination and x-rays showing no fracture or dislocation, Dr. Mackay recommended a right-shoulder scope with possible Bankart repair. Helix rightfully submitted the recommended surgery to UR, and Dr. Goldsmith denied the surgery due to lack of objective findings. Mr. Bolton appealed the UR denial to the Bureau's Medical Director, Dr. Snyder. While the appeal was pending, Mr. Bolton returned to see Dr. Mackay. He reported his shoulder dislocated three to four times per week, which was an improvement from dislocations occurring three to four times per day when he worked. In his assessment and plan, Dr. Mackay stated Mr. Bolton had a ninety-five percent chance of benefitting from the recommended surgery to the extent he could return to work. He additionally stated Mr. Bolton would experience a one-hundred percent recurrence if no surgery were performed, even with physical therapy, and indicated bracing was ineffective. Dr. Mackay concluded, "[Mr. Bolton] will be disabled without surgery and is prone to permanent injury and further damage with each dislocation." Dr. Mackay further found that Mr. Bolton's "work comp denial is fully responsible for the delay in treatment and any future injury that he incurs." Subsequently, Dr. Snyder affirmed the denial of the right-shoulder arthroscopy.

As such, this Court is presented with competing medical opinions on the issue of medical necessity of the recommended surgery. In evaluating expert medical opinions, a trial judge may consider, among other things, the qualifications of the experts, the circumstances of their evaluation, the information available to them, and the evaluation of the importance of that information by other experts. *Venable v. Superior Essex, Inc., et al.*, 2016 TN. Wrk. Comp. App. Bd. LEXIS 56, at *7 (citing *Simerly v. Crete Carrier Corp.*, 2014 Tenn. LEXIS 115, at *11 (Tenn. Workers' Comp. Panel Feb. 14, 2014)). A trial judge "has the discretion to conclude that the opinion of one expert should be accepted over that of another expert." *Venable, supra* (citing *Sanker v. Nacarato Trucks, Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *11-12 (July 6, 2016)). "When faced . . . with conflicting medical testimony . . ., it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Venable, supra* (citing *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991).

The first factor – qualifications of the experts – weighs equally in favor of Drs. Mackay and Dr. Goldsmith as both physicians are orthopedic physicians. The second factor – the circumstances of their examination – favors Dr. Mackay, who personally examined Mr. Bolton. The third factor – the information available to them – is also favorable to Dr. Mackay, who had the opportunity to: personally observe and assess Mr. Bolton's credibility, physically exam Mr. Bolton and make objective findings, order and

review films from diagnostic testing, and obtain historical information not readily available in the medical records. The final factor – the evaluation of the importance of that information by other experts – also weighs in favor of Dr. Mackay, as he discussed the need for surgery in lieu of ineffective conservative measures. This Court is persuaded by Dr. Mackay. Accordingly, this Court concludes that Drs. Goldsmith's and Snyder's opinions failed to rebut the presumption of correctness afforded Dr. Mackay, the ATP, on the issue of medically necessity.

Therefore, as a matter of law, this Court finds Mr. Bolton came forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits. His requests for additional medical benefits are granted at this time. Accordingly, this Court holds that Helix shall be responsible for Mr. Bolton's medical expenses incurred for the recommended surgery. Additionally, Helix shall continue to provide Mr. Bolton with medical benefits in accordance with Tennessee Code Annotated section 50-6-204.

**IT IS, THEREFORE, ORDERED** as follows:

1. Helix shall provide Mr. Bolton with medical treatment for his injuries as required by Tennessee Code Annotated section 50-6-204 (2016), to include authorization and payment of the recommended surgery.

2. This matter is set for a Scheduling Hearing on **April 7, 2017**, at **9:30 a.m. Eastern Time**. The parties must call (865) 594-0091 or (855) 543-5041 (toll free) to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED this the 8th day of February, 2017.**

_Pamela B Johnson_

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

## APPENDIX

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Motion to Compel Payment of Benefits
5. Employer's Response to Employee's Request for Expedited Hearing and Motion to Compel Payment of Benefits

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:

1. Affidavit
2. Utilization Review Report
3. Utilization Review Appeal Decision
4. Medical Records of Allison Smith, PA-C
5. Medical Records and Expenses of Dr. Michael A. Mackay

Helix objected to all references of statements made by Dr. MacKay to Mr. Bolton and contained in Exhibit 1. Upon no opposition from Mr. Bolton's counsel, the Court sustained the objection and agreed to strike from Exhibit 1 any references of statements made by Dr. MacKay to Mr. Bolton.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 8th day of February, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Ameesh A. Kherani, Employee's Attorney | | | X | akherani@davidhdunaway.com |
| Heather Douglas, Travis Ledgerwood, Employer's Attorney | | | X | hdouglas@manierherod.com tledgerwood@manierherod.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov